1
2
3
4
5
6
7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11
RONALD A. CAETANO,                          CASE NO. CV F 11-2092 LJO SKO
12
                    Plaintiff,               **ORDER TO DISMISS**
13      vs.                                  (Doc. 4.)

14  SUNTRUST MORTGAGE,

15                  Defendant.

16  _____/

17                          **INTRODUCTION**

18      Defendant Suntrust Mortgage ("Suntrust") seeks to dismiss as legally barred plaintiff Ronald A.

19  Caetano's ("Mr. Caetano's") claims arising from foreclosure of Mr. Caetano's Hanford, California

20  property ("property").  This Court construes Mr. Caetano's action as an attempt to thwart, delay or

21  complicate his eviction from the property and/or transfer of the property after non-judicial foreclosure.

22  For the reasons discussed below, this Court DISMISSES this action based on the absence of Mr.

23  Caetano's credible claims and VACATES the January 31, 2012 hearing set by Suntrust.

24                          **BACKGROUND**

25      Mr. Caetano proceeds on his California Judicial Council form complaint ("complaint") to allege

26  that he obtained on February 6, 2007 a $390,000 loan to purchase the property.  The complaint alleges

27  claims labeled breach of contract, wrongful foreclosure and bad faith and that Suntrust "refused to

28  release the funds to repair the property," "foreclosed on the property while retaining the insurance

                                    1

1   monies that exceeded" the loan balance, and "failed to credit the account with insurance proceeds . . .

2   while maintaining funds that exceeded the balance due on the note."  The complaint seeks "current and

3   future income from the property," "damages to the credit report," and "loss of equity in the property,"

4   which apparently arose from a September 22, 2010 foreclosure sale.

## DISCUSSION

### Sua Sponte Dismissal

7        Suntrust characterizes the complaint as an improper use of the judicial system given that its

8   "sparse allegations are mere legal conclusions," which fail, among other things, to demonstrate Mr.

9   Caetano's tender of amounts owed on his loan.

10        "A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . .  Such dismissal

11  may be made without notice where the claimant cannot possibly win relief."  *Omar v. Sea-Land Service,*

12  *Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981).  Sua

13  sponte dismissal may be made before process is served on defendants.  *Neitzke v. Williams*, 490 U.S.

14  319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*,

15  745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte

16  prior to service of process on defendants).

17        "When a federal court reviews the sufficiency of a complaint, before the reception of any

18  evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether

19  a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

20  claims."  *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development*

21  *Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either

22  a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

23  theory."  *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of*

24  *Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

25        In addressing dismissal, a court must:  (1) construe the complaint in the light most favorable to

26  the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff

27  can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co.,* 80

28  F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as true allegations that

1   are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead*

2   *Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  A court "need not

3   assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v.*

4   *Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must  not "assume that the [plaintiff] can

5   prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not

6   been alleged." *Associated General Contractors of California, Inc. v. California State Council of*

7   *Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983).  A court need not permit an attempt to amend if

8   "it is clear that the complaint could not be saved by an amendment."  *Livid Holdings Ltd. v. Salomon*

9   *Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

10       A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

11  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

12  *Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

13  Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to

14  plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing*

15  *Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, a complaint "must contain either

16  direct or inferential allegations respecting all the material elements necessary to sustain recovery under

17  some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v.*

18  *Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

19       In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court

20  explained:

21           . . . a complaint must contain sufficient factual matter, accepted as true, to "state
             a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the
22           plaintiff pleads factual content that allows the court to draw the reasonable inference that
             the defendant is liable for the misconduct alleged. . . . The plausibility standard is not
23           akin to a "probability requirement," but it asks for more than a sheer possibility that a
             defendant has acted unlawfully.  (Citations omitted.)
24

25       After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint

26  to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content,

27  must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572

28  F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

3

The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . .  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

As discussed below, the complaint is subject to dismissal in the absence of claims supported by a cognizable legal theory or sufficient facts alleged under a cognizable legal theory.  In short, the complaint's claims are legally barred.

**Failure To Satisfy F.R.Civ.P. 8**

The complaint is subject to global attack for failure to satisfy F.R.Civ.P. 8, which requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179.

Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the

4

1  "grounds upon which it rests." *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475,

2  1481 (9th Cir. 1997).  Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a

3  complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v.*

4  *Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff must allege with at least some

5  degree of particularity overt facts which defendant engaged in to support plaintiff's claim.  *Jones*, 733

6  F.2d at 649.   A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual

7  enhancement.'" *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949 (quoting  *Twombly*, 550 U.S. at 557, 127 S.Ct.

8  1955).  The U.S. Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

13  *Twombly*, 550 U.S. at 556, n. 3, 127 S.Ct. 1955.

14  The complaint fails to satisfy F.R.Civ.P. 8.  Suntrust is correct that the complaint is "impossible

15  to understand" given its failure to "connect any facts" to a purported loan dispute.  The complaint lacks

16  cognizable facts of Suntrust's purported wrongdoing to provide fair notice as to what Suntrust is to

17  defend.  The complaint is unclear whether it alleges wrongs attributable to Suntrust or others.  The

18  complaint merely references Suntrust's purported failures and refusals without tying misdeeds to

19  particular facts.  The complaint lacks cognizable claims or legal theories upon which to support

20  Suntrust's liability.  The complaint lacks specific, clearly defined allegations to give fair notice of claims

21  plainly and succinctly to warrant dismissal of this action.

22  **Failure To Tender**

23  Suntrust explains that Mr. Caetano "cannot maintain a cause of action as to foreclosure-related

24  claims without tendering the amount due."  Mr. Caetano's failure to tender amounts owed on his loan

25  serves as a global defense to the complaint's claims.

26  "A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds*

27  *Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580, 205 Cal.Rptr. 15 (1984) (citing Cal. Civ.

28  Code, § 1485; *Still v. Plaza Marina Commercial Corp.*, 21 Cal.App.3d 378, 385, 98 Cal.Rptr. 414

(1971)).  "A tender must be one of full performance . . . and must be unconditional to be valid."  *Arnolds Management*, 158 Cal.App.3d at 580, 205 Cal.Rptr. 15.  "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount."  *Rauer's Law etc. Co. v. S. Proctor Co.,* 40 Cal.App. 524, 525, 181 P. 71 (1919).

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure."  *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied*, 519 U.S. 1081, 117 S.Ct. 746 (1997).  In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157 (1989), the California Court of Appeal explained:

> . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . .  The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs.  (Citations omitted.)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes.  *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971).  The basic rule is that an offer of performance is of no effect if the person making it is not able to perform.  *Karlsen*, 15 Cal.App.3d at118, 92 Cal.Rptr. 851 (citing Cal. Civ. Code, § 1495).  Simply put, if the offeror "is without the money necessary to make the offer good and knows it" the tender is without legal force or effect.  *Karlsen*, 15 Cal.App.3d at118, 92 Cal.Rptr. 851 (citing several cases).  "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property."  *United States Cold Storage v. Great Western Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985).  "A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender."  *Arnolds Management*, 158 Cal.App.3d at 579, 205 Cal.Rptr. 15.

"It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."  *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934); *see Mix v.*

*Sodd*, 126 Cal.App.3d 386, 390, 178 Cal.Rptr. 736 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt"). "A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness." *Sipe v. McKenna*, 88 Cal.App.2d 1001, 1006, 200 P.2d 61 (1948).

Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." *Fleming v. Kagan*, 189 Cal.App.2d 791, 796, 11 Cal.Rptr. 737 (1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen,* 15 Cal.App.3d at 117, 92 Cal.Rptr. 851. Analyzing "trust deed nonjudicial foreclosure sales issues in the context of common law contract principles" is "unhelpful" given "the comprehensive statutory scheme regulating nonjudicial foreclosure sales." *Residential Capital v. Cal-Western Reconveyance Corp.*, 108 Cal.App.4th 807, 820, 821, 134 Cal.Rptr.2d 162 (2003).

"The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439, 129 Cal.Rptr.2d 436 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.,* 200 Cal.App.3d 1154, 1165, 246 Cal.Rptr. 421 (1988). The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Gaffney*, 200 Cal.App.3d at 1165, 246 Cal.Rptr. 421.

Neither the complaint nor record references Mr. Caetano's tender of indebtedness or meaningful ability to do so. The complaint is silent as to tender of indebtedness and merely alludes to Suntrust's failures and refusals. Such silence on Mr. Caetano's tender of or ability to tender amounts outstanding is construed as his concession of inability to do so. Without Mr. Caetano's meaningful tender, the Mr.

1  Caetano seeks empty remedies, not capable of being granted, and the complaint's purported claims are

2  doomed.

3                                    **Breach Of Contract**

4      Suntrust faults a purported breach of contract claim as lacking necessary detail in that the

5  complaint merely asserts a breach of contract.

6      "The standard elements of a claim for breach of contract are: '(1) the contract, (2) plaintiff's

7  performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff

8  therefrom.'"   *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal.App.4th 1171, 1178, 80

9  Cal.Rptr.3d 6 (2008).  "To form a contract, an 'offer must be sufficiently definite . . . that the

10  performance promised is reasonably certain.'"  *Alexander v. Codemasters Group Limited*, 104

11  Cal.App.4th 129, 141. 127 Cal.Rptr.2d 145 (2002).

12      "As to the contract, where a written instrument is the foundation of a cause of action, it may be

13  pleaded in haec verba by attaching a copy as an exhibit and incorporating it by proper reference." *Byrne*

14  *v. Harvey,* 211 Cal.App.2d 92, 103, 27 Cal.Rptr. 110 (1962); *Holly Sugar Corp. v. Johnson,* 18 Cal.2d

15  218, 225, 115 P.2d 8 (1941).  "Where a party relies in his complaint upon a contract in writing, and it

16  affirmatively appears that all the terms of the contract are not set forth in hæc verba, nor stated in their

17  legal effect, but that a portion which may be material has been omitted, the complaint is insufficient."

18  *Gilmore v. Lycoming Fire Ins. Co.*, 55 Cal. 123, 124 (1880).

19      Suntrust is correct that the complaint alleges unspecified terms with no breach of contract

20  elements.  A purported breach of contract claim fails.

21                              **Wrongful Foreclosure/Bad Faith**

22      Suntrust further attacks the complaint's failure to demonstrate wrongs with non-judicial

23  foreclosure of the property.

24      Under California law, a lender may pursue non-judicial foreclosure upon default with a deed of

25  trust with a power of sale clause.  "Financing or refinancing of real property is generally accomplished

26  in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of

27  trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment

28  of the loan." *Bartold v. Glendale Federal Bank,* 81 Cal.App.4th 816, 821, 97 Cal.Rptr.2d 226 (2000).

A deed of trust "entitles the lender to reach some asset of the debtor if the note is not paid." *Alliance Mortgage Co. v. Rothwell,* 10 Cal.4th 1226, 1235, 44 Cal.Rptr.2d 352 (1995).

If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially foreclose. *See McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231, 236-237, 286 P. 693 (1930). The California Court of Appeal has explained non-judicial foreclosure under the applicable California Civil Code sections:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994); *see I.E. Assoc. v. Safeco Title Ins. Co.*, 39 Cal.3d 281, 285, 216 Cal.Rptr. 438 (1985) ("These provisions cover every aspect of exercise of the power of sale contained in a deed of trust.")

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Under California Civil Code section 2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

"A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender." *Moeller*, 25 Cal.App.4th at 831, 30 Cal.Rptr.2d 777. "As a general rule, a trustee's sale is complete upon acceptance of the final bid." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 440-441, 129 Cal.Rptr.2d 436 (2003). "If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly; this presumption is conclusive as to a bona fide purchaser." *Moeller*, 25 Cal.App.4th at 831, 30 Cal.Rptr.2d 777 (citations omitted). "A nonjudicial foreclosure sale is accompanied by a common law presumption that it 'was conducted regularly and fairly.'" *Melendrez v. D & I Investment, Inc.*, 127 Cal.App.4th 1238, 1258, 26

1  Cal.Rptr.3d 413 (2005) (quoting *Brown v. Busch,* 152 Cal.App.2d 200, 204, 313 P.2d 19 (1957)). "This

2  presumption may only be rebutted by substantial evidence of prejudicial procedural irregularity."

3  *Melendrez*, 127 Cal.App.4th at 1258, 26 Cal.Rptr.3d 413.

4          To challenge foreclosure, "it is necessary for the complaint to state a case within the code

5  sections for which reason it is essential to allege the facts affecting the validity and invalidity of the

6  instrument which is attacked." *Kroeker v. Hurlbert,* 38 Cal.App.2d 261, 266, 101 P.2d 101 (1940).

7  A "trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has

8  been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a

9  mortgage or deed of trust." *Munger v. Moore,* 11 Cal.App.3d 1, 7, 89 Cal.Rptr. 323 (1970).  As the

10  California Supreme Court explained decades ago:

11          It is the general rule that courts have power to vacate a foreclosure sale where
        there has been fraud in the procurement of the foreclosure decree or where the sale has
12        been improperly, unfairly or unlawfully conducted, or is tainted by fraud, or where there
        has been such a mistake that to allow it to stand would be inequitable to purchaser and
13        parties. Sham bidding and the restriction of competition are condemned, and inadequacy
        of price when coupled with other circumstances of fraud may also constitute ground for
14        setting aside the sale.

15  *Bank of America Nat. Trust & Savings Ass'n v. Reidy*, 15 Cal.2d 243, 248, 101 P.2d 77 (1940).

16          The complaint lacks facts of a specific statutory irregularity or misconduct in the foreclosure

17  proceedings.  The complaint's apparent attempt to challenge foreclosure validity offers nothing to

18  support a discrepancy in the foreclosure process to warrant dismissal of Mr. Caetano's claims.  The

19  complaint lacks allegations to overcome the presumption of foreclosure sale validity.

20                          **Attempt At Amendment And Malice**

21          As discussed above, the complaint's global claims are barred legally, and Mr. Caetano is unable

22  to cure the complaint's claims by allegation of other facts and thus is not granted an attempt to amend.

23  Moreover, this Court surmises that Mr. Caetano brought this action in absence of good faith and that Mr.

24  Caetano seeks to exploit the court system to delay or to vex defendants.  The test for maliciousness is

25  a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v.*

26  *Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th

27  Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss

28  case demonstrating "clear pattern of abuse of judicial process").  A lack of good faith or malice also can

10

be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court.  *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).  An attempt to vex or delay provides further grounds to dismiss this action.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1.    DISMISSES with prejudice this action against Suntrust; and

2.    DIRECTS the clerk to enter judgment in favor of defendant Suntrust Mortgage and against plaintiff Ronald A. Caetano and to close this action.

IT IS SO ORDERED.

Dated:    **January 4, 2012**                    /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE